**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOSE R. PALACIOS-ALVARADO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-380-G** |
| | ) | |
| **CHRIS GANTT, Warden,** | ) | |
| **Cimarron Correctional Facility, et al.,** | ) | |
| | ) | |
| **Respondents.**[1] | ) | |

## ORDER

Petitioner Jose R. Palacios-Alvarado filed a Petition for Writ of Habeas Corpus ("Petition," Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging his detention by U.S. Immigration and Customs Enforcement. Certain Respondents have filed an Answer (Doc. No. 12). No reply was filed within the time allowed.

### *I. Background*

The factual background is set forth in the Petition and not contested by Respondents. As relevant here, Petitioner is a "citizen of El Salvador" who entered the United States on March 14, 2021. Pet. ¶ 16. Agents with the U.S. Department of Homeland Security

---

[1] Chris Gantt, Warden, Cimarron Correctional Facility, David J. Venturella, Acting Director, U.S. Immigration and Customs Enforcement ("ICE"), Markwayne Mullin, Secretary of the U.S. Department of Homeland Security, and Todd Blanche, Attorney General of the United States, are hereby substituted as respondents for Scarlet Grant, Todd M. Lyons, Kristi Noem, and Pamela Bondi, respectively, pursuant to Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure. The appearing respondents are: Robert Cerna, Dallas Field Office Director, ICE; Acting Director Venturella; Secretary Mullin; and Attorney General Blanche.

("DHS") apprehended Petitioner soon after, and he was charged, under 8 U.S.C. § 1182(a)(6)(A)(i), with being removable. *Id.*

Because Petitioner was a minor at the time, DHS turned him over to the Office of Refugee Resettlement within the U.S. Department of Health and Human Services. *Id.* ¶ 17. Petitioner was "release[ed] . . . into the care of his cousin," who lives in the United States. *Id.* ¶¶ 16-17. A Texas court later awarded Petitioner's cousin "legal custody" of Petitioner. *Id.* ¶ 18. After Petitioner provided notice of the custody order to DHS, "U.S. Citizenship and Immigration Services granted [Petitioner] both special immigrant juvenile status (SIJS) and deferred action" on December 13, 2022. *Id.* (emphasis omitted).

After having been convicted of a drug possession misdemeanor under Oklahoma law, Petitioner was detained by DHS in November 2025. *Id.* ¶ 19. Petitioner is now housed at Cimarron Correctional Facility in Cushing, Oklahoma. *Id.* ¶ 1.

Petitioner alleges that DHS has "disregard[ed] both Petitioner's SIJS and his deferred action" designations and "subject[ed] him to mandatory detention" pursuant to 8 U.S.C. § 1225(b)(2). *Id.* ¶¶ 21a-22.

## *II. Discussion*

### *A. Petitioner's Claims and Respondents' Answer*

Petitioner argues that Respondents' detention of him pursuant to 8 U.S.C. § 1225(b)(2)(A) "unlawfully mandates his continued detention and violates" the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101 et seq., and the due process rights afforded him by the Fifth Amendment. Pet. ¶¶ 44-45, 46-48. Petitioner seeks habeas

relief in the form of an order of release from detention or, alternatively, provision of a bond hearing. *Id.* at 13.

Invoking multiple statutory interpretation arguments, Respondents argue that the "plain language of § 1225(b)(2)(A) straightforwardly applies in this case" and that "Petitioner's statutory assertions misread the INA and cannot account for the statutory definition of 'applicants for admission.'" Answer at 15, 20-27; *see also Munoz v. Holt*, No. CIV-25-1190-G, 2026 WL 2200433, at *2-3 (W.D. Okla. July 30, 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235, 1240 (10th Cir. 2026).

*B. The Inapplicability of 8 U.S.C. § 1225(b)(2)(A)*

Following the submission of the Answer, the Tenth Circuit held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz*, 180 F.4th at 1239-40. The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to § 1226(a) (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Respondents' position is foreclosed by *Santillan Quiroz*. Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. *See* Pet. ¶¶ 16, 19; *Santillan Quiroz*, 180 F.4th at 1233-34. Accordingly, § 1225(b)(2)(A) is inapplicable. *See Santillan Quiroz*, 180 F.4th at 1246-51. Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to

a bond hearing. *Id.* at 1251 n.13. Given this determination, the Court need not address Petitioner's remaining claim for relief. *See Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *2 & n.2 (W.D. Okla. July 14, 2026).[2]

*C. Petitioner's Request for Fees and Costs*

Petitioner also requests attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). *See* Pet. at 13.

The EAJA "unambiguously authorize[s] fees in habeas actions challenging immigration detention." *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025), *petition for cert. filed*, No. 26-146 (U.S. July 30, 2026). Such attorney's fees must be sought pursuant to the EAJA and by separate motion, however. *See id.*; Fed. R. Civ. P. 54(d)(2), 81(a)(4); LCvR 54.2. Any recovery of costs is governed by 28 U.S.C. §§ 1920 and 2412(a), Federal Rule of Civil Procedure 54(d)(1), and Local Civil Rule 54.1.

---

[2] Respondents also argue that Petitioner's INA violation claim "challenges [the Department of Homeland Security's] decision to detain Petitioner under § 1225(b)(2)(A) and therefore runs headlong into the INA's jurisdiction channeling and stripping provisions, depriving this Court of jurisdiction." Answer at 15-19 (citing 8 U.S.C. §§ 1226(e), 1252(b)(9), (g)). Because Petitioner claims Respondents "violate[d] the INA" by "unlawfully" detaining him pursuant to § 1225(b)(2), Pet. ¶¶ 44-45, Petitioner "challenges one of the many . . . decisions or actions that may be part of the deportation process" "to which § 1252(g) is inapplicable." *Munoz*, 2026 WL 2200433, at *2 (internal quotation marks omitted) (concluding that the relevant statutes do not deprive the Court of jurisdiction to consider a habeas claim for violation of the INA based upon the detention of a noncitizen); *see Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999); *Mukantagara v. U.S. Dep't of Homeland Sec.*, 67 F.4th 1113, 1116 (10th Cir. 2023).

## CONCLUSION

In accordance with the above, the Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's claim for relief based upon a violation of the INA.

IT IS THEREFORE ORDERED:

1. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.

2. Petitioner's remaining claim for relief is DISMISSED without prejudice; and

3. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

4. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 21st day of August, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge